after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither art. V., sec. 14 of the constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter.

In the present case the petition, when analyzed, shows no better reasons than the above, coupled with the allegation that two of the appellants' witnesses were in an adjoining state, at the time of the trial, and that their personal attendance could not be had. It is not intimated that the trial was not in every respect fair and legal, nor is it averred that the justice was asked for a continuance of the cause until the appellants could obtain the presence or the depositions of the absent witnesses. Had they asked for time, wherein to do either, doubtless it would have been granted them; and if refused it is safe to assume that the court of common pleas would have allowed the appeal. They did not choose to ask for indulgence, but deliberately went to trial. We cannot say that the court below was guilty of an abuse of discretion, in refusing the appellants' application.

The order of the court below is affirmed at the costs of the appellants.

---

· John Thompson who sues for himself and for the School District of Buffalo Township, Washington Co., Pa. v. John Preston, J. B. Akin, Joseph W. Craig, Appellants.

Argued April 21, 1897. Appeal, No. 163, April T., 1897, by defendants from order of C. P. Washington Co., Aug. T., 1896, No. 113, refusing leave to appeal nunc pro tunc from judgment of magistrate. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

OPINION BY WICKHAM, J., July 23, 1897:

This case is governed by the decision in John Thompson who

sues, etc., v. John Preston et al., No. 164, April term, 1897, this day handed down.

The order of the court below is affirmed at the costs of the appellants.

---

John Thompson, who sues for himself and for the School District of Buffalo Township, Washington Co., Pa. v. John Preston, J. B. Akin, Joseph W. Craig, Appellants.

Argued April 21, 1897.    Appeal No. 165, April T., 1897, by defendants from order of C. P. Washington Co., Aug.T., 1896, No. 115, refusing leave to appeal nunc pro tunc, from judgment of magistrate.   Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ.    Affirmed.

Opinion by Wickham, J., July 23, 1897:

This case is governed by the decision, this day handed down in John Thompson who sues, etc. v. John Preston et al. No. 164, April term, 1897.

The order of the court below is affirmed at the costs of the appellants.

---

Frederick Hays, Appellant, v. Cumberland County.

*Vagrants—Constables' fees—Statutes—Repeal of.*

The Act of May 23, 1893, P. L. 117, repealed all local and general laws prescribing the amounts chargeable by justices and constables as fees for services therein mentioned.

The special Act of April 21, 1866, P. L. 1099, was repealed by the Act of May 8, 1876, P. L. 154: Cumberland Co. v. Boyd, 113 Pa. 52.

A constable is entitled to fees for arrest and commitment of vagrants as prescribed by the act of 1893, and these fees are payable by the county.

*Constitutional law—Arrest of vagrants—Act of 1876.*

The part of the Act of May 8, 1876, P. L. 154, which requires the constables' fees to be paid by the county is constitutional.

Argued March 10, 1897.    Appeal, No. 7, March T., 1897, by plaintiff, from judgment of C. P. Cumberland Co., in favor of